IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mark J. BRUNNER, Attorney at Law.

Supreme Court

*No. 94–1597–D. Filed July 31, 1995.*

(Also reported in 535 N.W.2d 438.)

PER CURIAM    *Attorney disciplinary proceeding;
attorney's license suspended.*

Mark J. Brunner appealed from the referee's recommendation that his license to practice law be suspended for 18 months as discipline for professional misconduct. That misconduct consisted of his having represented personal clients without the knowledge of the law firm at which he was employed and using the firm's name, computer system and other resources to do so. In addition to the legal fees he billed to his personal clients, Attorney Brunner retained client expenses the law firm had advanced to him and his own expenses reimbursed by the firm in those matters.

We determine that the recommended 18-month license suspension is appropriate discipline to impose for Attorney Brunner's professional misconduct. By concealing from his employers and retaining for himself significant amounts of legal fees and expenses for work he did without their knowledge and with the use of their facilities and resources, Attorney Brunner has placed his personal pecuniary interests above the interest of the firm to which he owed a fiduciary duty as an employee.

Attorney Brunner also appealed from the referee's recommendation that he be required to provide the Board of Attorneys Professional Responsibility (Board) and his former law firm and its insurer a detailed accounting of the personal files he maintained at the law firm and the fees and expenses they generated and to make specified restitution. Attorney Brunner contended that he is unable to provide the recommended accounting unless he is given access to his former law firm's computer. He further contended that the amount of restitution he should be required to make has been determined by the law firm's insurer, which conducted an accounting of his files and paid the firm $8500 under its policy. Because the issues of access to the

firm's computer alleged to be needed for the recommended accounting and the insurance payment to the law firm and Attorney Brunner's settlement with the insurer were not presented to the referee, the court remanded the matter to the referee for further proceedings on the issue of the accounting and restitution to be recommended.

Following remand, the referee conducted an evidentiary hearing and made findings in respect to the issue of restitution, based on the audit conducted by the law firm's insurer and on Attorney Brunner's accounting for some of his personal files. The referee then recommended that Attorney Brunner be required to make restitution to his former law firm in a specified amount. Neither Attorney Brunner nor the Board appealed from that report and recommendation.

Attorney Brunner was admitted to practice law in Wisconsin in 1982 and currently practices in West Bend. He has not been the subject of a prior disciplinary proceeding. The referee, Attorney Jean DiMotto, made factual findings based on the admissions in his answer to the Board's complaint.

In 1991, while employed at a Milwaukee law firm, Attorney Brunner began accepting and representing personal clients, most of whom were relatives and friends, under the name of the law firm. Most of his activity on those files occurred in 1992 and early 1993. Attorney Brunner created and maintained files for his personal clients on the firm's computer system, protected them by password and circumvented the firm's open-file and billing systems. He also maintained a large number of non-computer personal client files in folders in his office.

Attorney Brunner performed some of the work on the personal files, made court appearances and con-

ducted depositions during the law firm's normal business hours and for that work he used its office equipment, space and other resources, including its conference room, stationery, postage, and was covered by its malpractice insurance policy. He filed actions in some of those matters in the name of the law firm, with the result that, after it discharged him, the firm received notices from the circuit court of proceedings scheduled in matters it was unable to locate in its files. Attorney Brunner generated bills for his personal files in the computer on firm letterhead statements and instructed his clients to make checks payable to him rather than to the firm.

The members of the firm came to suspect Attorney Brunner's activity with personal files in the spring of 1993 and, after overcoming initial difficulty in discovering the password for his computer files, learned of those personal files. When they confronted him with the information on April 13, 1993, Attorney Brunner initially denied that he had been representing personal clients but soon admitted it. The firm discharged him that day.

Because Attorney Brunner had bypassed the firm's computer identification system and the firm allowed him to take with him all of the file folders of his non-computer personal cases, the firm was unable to ascertain the exact number of his personal client files. In May, 1993, the firm demanded that he provide an accounting of all of the files but Attorney Brunner did not do so. The firm estimated that the files in the computer generated from $8500 to $11,000 in legal fees. In addition, Attorney Brunner had obtained from the firm advances of $431 in client disbursements on his personal files and reimbursement of $468 for his out-of-pocket expenses working on them.

As of the date of the disciplinary hearing, the only restitution Attorney Brunner had made was his payment to the firm in July, 1993 of $246 for advanced disbursements on two of his files. In this appeal, it is asserted that the firm's insurance carrier paid the firm $8500 for Attorney Brunner's actions and, following the hearing, Attorney Brunner reached a settlement with the insurer in an undisclosed amount for the payment it had made.

Attorney Brunner did not report the legal fees he collected on his personal client files on his personal income tax returns for 1991 and 1992 but he subsequently amended those returns to include those fees after he had been discharged from the law firm and the Board's investigation into his misconduct had commenced. He did report fees received on those files during 1993 on his tax return for that year.

The referee concluded that Attorney Brunner engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c),[1] in this matter. As discipline for that misconduct, the referee recommended that his license to practice law be suspended for 18 months. In making that recommendation, the referee took into account that no client of the law firm or of Attorney Brunner was harmed by his misconduct and that this is the first time Attorney Brunner has been the subject of a disciplinary proceeding. The referee considered as aggravating factors that Attorney Brunner's deceit was deliberate and motivated by selfish interests, he has not made a full

---

[1] SCR 20:8.4 provides, in pertinent part: **Misconduct**
It is professional misconduct for a lawyer to:

. . .

(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

accounting and restitution, he did not report fees from his personal client files on his income tax returns until after the disciplinary process had begun and, most importantly, any remorse he has demonstrated by acknowledging his misconduct is insincere.

We adopt the referee's findings of fact and conclusions of law and determine that the seriousness of Attorney Brunner's misconduct, together with his apparent lack of remorse for it, warrants the 18-month license suspension recommended. We also accept the referee's recommendation that Attorney Brunner be required to make restitution to his former law firm in the amount determined by the referee.

IT IS ORDERED that the license of Mark J. Brunner to practice law in Wisconsin is suspended for a period of 18 months, commencing September 1, 1995.

IT IS FURTHER ORDERED that within 60 days of the date of this order Mark J. Brunner make restitution in the amount of $2124.78.

IT IS FURTHER ORDERED that within 60 days of the date of this order Mark J. Brunner pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Mark J. Brunner to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Mark J. Brunner comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.